### ANCHOR CO. v. P. & M. CO.

(Circuit Court of Appeals, Seventh Circuit. November 20, 1925. Rehearing Denied January 13, 1926.)

No. 3549.

Patents ☞328—1,228,171, claims 10, 12, and 41, and 1,243, 688, for anticreeper devices, not infringed.

Belknap patent, No. 1,228,171, claims 10, 12, and 41, and Belknap patent, 1,243,688, claims 3 and 15, for anticreeper devices for rails and ties, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by the Anchor Company against the P. & M. Company. Decree for defendant, and plaintiff appeals. Affirmed.

Edwin B. H. Tower, Jr., of Milwaukee, Wis., for appellant.

Otto Barnett, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This is a suit for the infringement of claims 10, 12, and 41 of patent No. 1,228,171, and claims 3 and 15 of patent No. 1,243,688, both issued to R. A. Belknap.

Appellee's device is made under the patent to Henggi, No. 1,167,299. The court below, in holding that appellant had failed on the issue of infringement, said:

"The Belknap device is a rigid, unyielding casting which has no initial grip on the rail. When the device is slid to position and abuts a tie, its downwardly and forwardly projecting foot, when pressed against the tie, operates as a lever arm to rock the whole device on the rail, whereby the rigid bearing against the bottom of the rail and the rigid jaws on the top of the rail grip the rail with a vertical clamping action at opposite sides of the rail. * * * Defendant's device is essentially and necessarily made of steel of a quality so that, when deflected to such an extent as is essential in applying these devices to the rail, it will have such resiliency that its reaction or tendency to resume its original form will be sufficient to cause it to firmly grip the rail at all times, both when under pressure against the tie and when free from any pressure against the tie. Resilience is the heart of the construction, application, and operation of the Henggi device. This resilience is adequate when the device is used in sufficient numbers to resist the creeping pressure which tends to force the rail through the anticreeper when the anticreeper abuts a tie. The engaging surfaces are made so as to flatly engage the corresponding rail surfaces as accurately as it is commercially possible to do."

This statement of the characteristics of the two devices is sustained by the record. Appellee's device differs radically in theory and principle from that of appellant, and does not infringe.

Decree affirmed.